The **EXCHANGE NATIONAL BANK OF ATCHISON, Plaintiff-Appellant,**

v.

The **HIBERNIA NATIONAL BANK OF NEW ORLEANS, Defendant-Appellee.**

No. 26573.

United States Court of Appeals Fifth Circuit.

Feb. 13, 1969.

M. Hepburn Many, New Orleans, La., John M. Phillips, Kansas City, Mo., O. John Rogge, New York City, Many, Hartman & Lococo, New Orleans, La., for appellant; Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., Weisman, Celler, Allan, Spett, & Sheinberg, New York City, of counsel.

Louis B. Claverie, Jack M. Gordon, New Orleans, La., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for appellee.

Before COLEMAN, GOLDBERG, and SIMPSON, Circuit Judges.*

PER CURIAM:

The Exchange National Bank of Atchison, in the State of Kansas, sued the Hibernia National Bank of New Orleans for $50,000, plus Attorney's fees and costs. The District Court granted a motion to dismiss for failure to state a cause of action upon which relief could be granted, and we affirm.

An officer of Hibernia obtained a personal loan of $70,000 from Exchange. Twenty thousand was repaid but there was default as to the remainder. Plaintiff alleged that in 1961, 1962, and 1963 the officer had engaged in illegal bank-

---

* Having studied the briefs and records, we have determined that this appeal is appropriate for summary disposition without argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing. See for example Gamez v. Beto, January 30, 1969 [406 F.2d 1000].

ing activities which were brought to the attention of the defendant. He, nevertheless, was allowed to remain with Hibernia until December, 1963. Thus, said the plaintiff, the defendant, by continuing the employment, held the official out to be a person of honesty and integrity, relied upon in making the loan. It is asserted, therefore, that Hibernia is obligated to pay the debt.

It is to be noted that Exchange was not a customer or depositor of Hibernia. There is no allegation that the defendant was consulted about the loan or had any knowledge of it. Thus, it is obvious that plaintiff made the loan at its sole discretion. The loan was personal and the defendant was in no way a party to it.

Under these circumstances, we are compelled to agree with the District Court that there is no possible legal basis upon which Hibernia might be held liable. By retaining the officer in its employ the bank did not represent or warrant to the appellant or anyone else that he could or would pay his personal debts, or that, upon default the bank would pay for him.

Affirmed.